TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
BENJAMIN K. REITZ, ESQ., Bar No. 13233
breitz@petersonbaker.com
PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: 702.786.1001
Facsimile: 702.786.1002

*Attorneys for Plaintiff Jerome Harry*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEROME HARRY, an individual<br><br>            Plaintiff,<br>v.<br><br>SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN, an ERISA Plan; SCREEN ACTORS GUILD-PRODUCERS HEALTH PLAN, an ERISA Plan, DOES 1-10,<br><br>            Defendants. | Case No.: 2:17-cv-00862-JCM-CWH<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS** |

      Plaintiff Jerome Harry ("<u>Plaintiff</u>"), and Defendants Screen Actors Guild-Producers Pension Plan and Screen Actors Guild-Producers Health Plan ("<u>Defendants</u>", and together with the Plaintiff, the "<u>Parties</u>"), by and through their undersigned counsel, hereby stipulate and agree, subject to the Court's approval, to stay this action pending Defendants' administrative review of similar, if not identical, benefit claims to be submitted by Yvette Wilson's daughters, Rachel Wilson and Lauren McClain (the "<u>Daughters</u>").

      In support of the Parties' stipulation, the Parties state as follows:

      1.      Courts have inherent power to stay the cases before them as a matter of control over their own dockets and calendars. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the

1  causes of action on its docket with economy of time and effort for itself, for counsel, and for
2  litigants." *Id.* at 254.

3       2.      Plaintiff is the former husband of Yvette Wilson, now deceased ("Yvette").

4       3.      The Screen Actors Guild-Producers Pension Plan is a pension fund in which
5  Defendant alleges that Yvette was a pensioner prior to her death.  The Screen Actors Guild-
6  Producers Health Plan (which merged with the AFTRA Health Fund and is now the SAG-AFTRA
7  Health Plan) is a multiemployer group health plan in which Plaintiff alleges that Yvette was also a
8  pensioner prior to her death.  Defendants assert, among other things, that the SAG-AFTRA Health
9  Plan does not provide pension benefits.

10     4.      Plaintiff filed this action on March 27, 2017 [ECF No. 1], alleging Defendants had
11  failed to pay amounts owed to Plaintiff, as a beneficiary, under the Screen Actors Guild-Producers
12  Pension Plan and the Screen Actors Guild-Producers Health Plan, including, but not limited to,
13  retroactive disability payments.  Defendants deny generally the allegations in the complaint.

14     5.      Yvette left two surviving daughters, Rachel Wilson and Lauren McClain.  The
15  Daughters assert that, if Plaintiff is entitled to certain of Yvette's benefits, they too are entitled to
16  benefits.

17     6.      Accordingly, and although the Daughters believe Plaintiff's unsuccessful efforts to
18  administratively resolve this dispute exhausted their own administrative requirement, the Daughters
19  are formally submitting for administrative review a claim to Defendants for the Daughters' alleged
20  share of their mother's benefits.

21     7.      Should administrative proceedings fail to resolve the Daughters' claims, the
22  Daughters intend to file suit in this Court.  In such an event, the Parties agree that Plaintiff's claims
23  and the Daughters' claims should be litigated in the same action.

24     8.      Therefore, to avoid duplicative proceedings and potentially inconsistent outcomes,
25  the Parties agree that Plaintiff's case should be stayed until the conclusion of the Daughters'
26  administrative proceedings.  Thereafter, if necessary, Plaintiff and the Daughters will take
27  procedural steps needed to consolidate their claims into a single action.

28

PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
702.786.1001

ACTIVE\50782217.v1-8/31/17

9.  Notwithstanding any stay of these proceedings, the Parties agree that discovery, including through depositions, may be obtained during the stay period from Marvin Snyder in light of Mr. Snyder's advanced age and uncertain health.  The Parties' ability to take the deposition of Mr. Snyder is a condition for their agreement to the stay.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, as follows:

    a.  This action shall be stayed for six (6) months, commencing on the date on which the Court enters its order approving this stipulation.

    b.  For the duration of the stay, any statute of limitations or other time bar or specified time period to take action shall not run against any claim held by the Daughters that is cognizable on the date on which the Court enters its order approving this stipulation. However, any statute of limitation or other time-period that has already expired as of that date shall not be affected by this stay.

    c.  In the event the Parties are unable to resolve their dispute during the stay period, the Parties shall meet and confer within fourteen (14) days of the expiration of the stay period and, within ten (10) days thereafter, file (i) a case status report setting forth the status of the Parties' dispute and (ii) a proposed revised Discovery Plan and Scheduling Order for the Court's review.

///
///
///
///
///
///
///
///

3

ACTIVE\50782217.v1-8/31/17

d. Notwithstanding the stay of these proceedings, the Parties shall be entitled to take the deposition of, and seek discovery from via subpoena or otherwise, Marvin Snyder during the stay period.

Dated this 13th day of September, 2017.

PETERSON BAKER, PLLC

By: /s/ Tamara Beatty Peterson
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ.
Nevada Bar No. 6562
nbaker@petersonbaker.com
BENJAMIN K. REITZ, ESQ.,
Nevada Bar No. 13233
breitz@petersonbaker.com
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: 702.786.1001
Facsimile: 702.786.1002

*Attorneys for Plaintiff Jerome Harry*

FOX ROTHSCHILD LLP

By: /s/ Mark J. Connot
MARK J. CONNOT, ESQ.
Nevada Bar No. 10010
mconnot@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135

*Attorneys for Defendants Screen Actors Guild-Producers Pension Plan and Screen Actors Guild-Producers Health Plan*

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: December 20, 2017.

ACTIVE\50782217.v1-8/31/17