TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
BENJAMIN K. REITZ, ESQ., Bar No. 13233
breitz@petersonbaker.com
PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: 702.786.1001
Facsimile: 702.786.1002

*Attorneys for Plaintiff Jerome Harry*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEROME HARRY, an individual<br><br>Plaintiff,<br>v.<br><br>SCREEN ACTORS GUILD-PRODUCERS PENSION PLAN, an ERISA Plan; SCREEN ACTORS GUILD-PRODUCERS HEALTH PLAN, an ERISA Plan, DOES 1-10,<br><br>Defendants. | Case No.: 2:17-cv-00862-JCM-CWH<br><br>**STIPULATION AND ORDER TO CONTINUE STAY OF PROCEEDINGS** |

Plaintiff Jerome Harry ("Plaintiff"), and Defendants Screen Actors Guild-Producers Pension Plan and Screen Actors Guild-Producers Health Plan ("Defendants", and together with the Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree, subject to the Court's approval, to continue the stay of this action pending Defendants' administrative review of similar, if not identical, benefit claims submitted by Yvette Wilson's daughters, Rachel Wilson and Lauren McClain (the "Daughters").

In support of the Parties' stipulation, the Parties state as follows:

1. Plaintiff is the former husband of Yvette Wilson, now deceased ("Yvette").

2. The Screen Actors Guild-Producers Pension Plan is a pension fund in which Defendant alleges that Yvette was a pensioner prior to her death. The Screen Actors Guild-Producers Health Plan (which merged with the AFTRA Health Fund and is now the SAG-AFTRA Health Plan) is a multiemployer group health plan in which Plaintiff alleges that Yvette was also a

1  pensioner prior to her death.  Defendants assert, among other things, that the SAG-AFTRA Health
2  Plan does not provide pension benefits.

3        3.      Plaintiff filed this action on March 27, 2017 [ECF No. 1], alleging Defendants had
4  failed to pay amounts owed to Plaintiff, as a beneficiary, under the Screen Actors Guild-Producers
5  Pension Plan and the Screen Actors Guild-Producers Health Plan, including, but not limited to,
6  retroactive disability payments.  Defendants deny generally the allegations in the complaint.

7        4.      Yvette left two surviving daughters, Rachel Wilson and Lauren Webber (the
8  "Daughters").  The Daughters assert that, if Plaintiff is entitled to certain of Yvette's benefits, they
9  too are entitled to benefits.

10        5.      Accordingly, and although the Daughters believe Plaintiff's unsuccessful efforts to
11  administratively resolve this dispute exhausted their own administrative requirement, the Daughters
12  are formally submitting for administrative review a claim to Defendants for the Daughters' alleged
13  share of their mother's benefits.

14        6.      Should administrative proceedings fail to resolve the Daughters' claims, the
15  Daughters intend to file suit in this Court.  In such an event, the Parties agree that Plaintiff's claims
16  and the Daughters' claims should be litigated in the same action.

17        7.      Plaintiff and Defendants (collectively, the "Parties") filed a Stipulation and
18  [Proposed] Order to Stay Proceedings on September 13, 2017 [ECF No. 27] to allow the Daughters
19  to formally submit for administrative review a claim to Defendants for the Daughters' alleged share
20  of their mother's benefits.

21        8.      The Court granted the Stipulation and Order to Stay Proceedings [ECF No. 28] on
22  December 20, 2017, which stayed the proceedings through and including June 20, 2018.

23        9.      Plaintiff and the Daughters submitted their formal claim to Defendants regarding
24  Yvette's disability pension (the "Claim") via Certified Mail on October 6, 2017.

25        10.     Defendants denied Plaintiff and the Daughters' Claim on November 17, 2017 via
26  correspondence from Defendants' counsel, Michelle McCarthy.

27        11.     Pursuant to the Screen Actors Guild-Producers Pension Plan, Plaintiff and the
28  Daughters had one hundred eighty (180) days (May 16, 2018) to appeal the denial of their Claim.

PETERSON BAKER, PLLC
10001 Park Run Drive
Las Vegas, NV 89145
702.786.1001

1  12. On May 9, 2018, counsel for Defendants granted an extension of 45 days (June 30, 2018) for Plaintiff and the Daughters to submit their appeal.

13. On May 16, 2018, counsel for Rachel Wilson ("Wilson") filed her Petition for Special Letters of Administration in the Eighth Judicial District Court in the action styled *In the Matter of the Estate of: Yvette Wilson*, Case No. P-18-095408-E ("Probate Action").

14. On June 4, 2018, an Order Appointing Special Administrator was filed in the Probate Action appointing Rachel Wilson as Special Administrator over Yvette's estate.

15. Wilson is in the process of executing the Special Letters of Administration with the Clerk of the Eighth Judicial District Court.

16. On or before June 30, 2018, counsel for Plaintiff and the Daughters will submit their formal appeal of Defendants' denial of their Claim.

17. Accordingly, the Parties request that the stay of proceedings be continued an additional one hundred fifty (150) days (November 17, 2018) or until the Parties notify the Court that the administrative procedures have been finalized.

18. Notwithstanding any stay of these proceedings, the Parties agree that discovery, including through depositions, may be obtained during the stay period from Marvin Snyder in light of Mr. Snyder's advanced age and uncertain health. The Parties' ability to take the deposition of Mr. Snyder is a condition for their agreement to the stay.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, as follows:

    a. The stay of this action shall be continued an additional one hundred fifty (150) days, through and including November 17, 2018.

    b. For the duration of the stay, any statute of limitations or other time bar or specified time period to take action shall not run against any claim held by the Daughters that is cognizable on the date on which the Court enters its order approving this stipulation. However, any statute of limitation or other time-period that has already expired as of that date shall not be affected by this stay.

    c. In the event the Parties are unable to resolve their dispute during the stay period, the Parties shall meet and confer within fourteen (14) days of the expiration of the stay period and, within ten (10) days thereafter, file (i) a case status report setting forth the status of the Parties' dispute and (ii) a proposed revised Discovery Plan and Scheduling Order for the Court's review.

    d. Notwithstanding the stay of these proceedings, the Parties shall be entitled to take the deposition of, and seek discovery from via subpoena or otherwise, Marvin Snyder during the stay period.

Dated this 14th day of June, 2018.

PETERSON BAKER, PLLC

 /s/ Benjamin K. Reitz
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ.
Nevada Bar No. 6562
nbaker@petersonbaker.com
BENJAMIN K. REITZ, ESQ.
Nevada Bar No. 13233
breitz@petersonbaker.com
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: 702.786.1001
Facsimile: 702.786.1002
*Attorneys for Plaintiff Jerome Harry*

FOX ROTHSCHILD LLP

 /s/ Mark J. Connot
MARK J. CONNOT, ESQ.
Nevada Bar No. 10010
mconnot@foxrothschild.com
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
Telephone: 702.262.6899
Facsimile: 702.597.5503
*Attorneys for Defendants Screen Actors Guild-Producers Pension Plan and Screen Actors Guild-Producers Health Plan*

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: June 18, 2018